# AKIN GUMP
# STRAUSS HAUER & FELD LLP

Attorneys at Law

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/28/10

JOHN M. DOWD
2028874366/fax: 2028874288
jdowd@akingump.com

April 27, 2010

**VIA FACSIMILE (212-805-7948)**

APR 27 2010

The Honorable Richard J. Holwell
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10022

    Re: *United States v. Raj Rajaratnam et al.* No. 09 Cr. 1184 (RJH)

Dear Judge Holwell:

    We are writing on behalf of Defendant Raj Rajaratnam pursuant to Rule 3.A of Your Honor's Individual Practices to respectfully request leave to file a memorandum in support of Mr. Rajaratnam's motion to suppress wiretap evidence in excess of 25 pages. Undersigned counsel have conferred with counsel for the government, who have indicated that the government does not object to Mr. Rajaratnam filing a brief 75 pages in length.

    Per this Court's order, the defendants' motions to suppress must be filed no later than Friday May 7, 2010. Mr. Rajaratnam's motion to suppress will address nearly 2,500 wiretap interceptions obtained over a nine-month period pursuant to multiple wiretap authorization applications and supporting affidavits. Undersigned counsel have made and will continue to make every effort to ensure that Mr. Rajaratnam's motion to suppress is as short and concise as a full exposition of the relevant facts and legal arguments will permit. It will not be possible, however, for counsel to adequately present Mr. Rajaratnam's arguments in 25 pages, for several reasons.

    First, it is Mr. Rajaratnam's burden under *Franks v. Delaware*, 438 U.S. 154 (1978), to establish that the government made deliberate or reckless false statements and material omissions in its wiretap applications and supporting affidavits. This analysis necessarily requires a full exposition of the relevant facts known to the government at the time it submitted its wiretap applications to this Court. As the Court will see, the government's applications and affidavits misrepresented or omitted a significant amount of material factual information regarding, among other things, the government's nine-year investigation of Mr. Rajaratnam, the conduct and reliability of its chief cooperating witness, Roomy Khan, the specific recorded telephone conversations on which the government relied to establish probable cause, and the purported failure or futility of conventional investigative techniques necessitating wire surveillance. A full

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

The Honorable Richard J. Holwell
April 27, 2010
Page 2

and meticulous factual discussion of these matters is directly relevant to the issues raised in the motion to suppress, and alone requires more than 25 pages.

Second, Mr. Rajaratnam will also show that the wiretap applications and affidavits would have failed to satisfy statutory and constitutional requirements if not for the government's misstatements and material omissions. This analysis necessarily entails a specific and detailed refutation of the allegations set forth in the government's wiretap applications and affidavits – the shortest of which was 53 pages long – based on the true facts fully set forth as described above.

Finally, Mr. Rajaratnam intends to present several distinct arguments in support of his motion, any one of which provides sufficient grounds for suppressing the wiretap evidence. These arguments raise legal issues requiring comprehensive analysis arising out of the unprecedented nature of this case, which will require Your Honor to rule on the legality of the government's first-ever use of wiretaps in connection with an insider trading investigation – an offense for which Congress has *not* authorized the use of wire surveillance.

The brief in support of Mr. Rajaratnam's motion to suppress is now in substantially final form, and is 77 pages long. Counsel regret the burden that a brief of this length imposes on the Court and between now and next Friday will continue to endeavor to shorten the brief as much as possible. Under the unique circumstances of this case, however, counsel expect that the brief will require at least 75 pages. While that is concededly a long brief, it is no longer than required to adequately present the arguments in support of Mr. Rajaratnam's motion. Given the gravity of the constitutional and statutory interests at stake, and the consequences of this Court's decision to grant or deny the motion – both in this case and in future cases – counsel respectfully submit that a full exposition of Mr. Rajaratnam's arguments is necessary and appropriate, and, accordingly, request permission to exceed the 25 page limit and file a brief of approximately 75 pages.

Application Granted
SO ORDERED
[signature]
USDJ 4/28/10

Respectfully submitted,

John M. Dowd /MJ
John M. Dowd
Terence J. Lynam
Robert H. Hotz, Jr.
Samidh Guha

cc: Assistant United States Attorney Jonathan Streeter
Assistant United States Attorney Reed Brodsky
Special Assistant United States Attorney Andrew Michaelson
Alan Kaufman, Esq.